**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NINE FAYE IRWIN, individually,
and as Personal Representative of the
Estate of JOHN JAMES IRWIN, IV,
deceased,

      Plaintiffs,

v.                                                     CASE NO: 8:07-cv-149-T-26MSS

GOODYEAR TIRE & RUBBER, INC.,
MONACO COACH CORP., and LAZY
DAYS R.V. CENTER,

      Defendants.

_____/

**O R D E R**

      Upon due consideration of the parties' submissions, it is ordered and adjudged that

Defendant Lazy Days R.V. Center, Inc.'s (Lazy Days) Motion to Dismiss for Insufficient

Service of Process (Dkt. 24) is denied.  After further reflection, the Court agrees with

Plaintiffs' contention that the Court improperly granted Lazy Days' motion to quash

service of the state-court complaint effected following removal.  Based on the authorities

cited, the Court now concludes that 28 U.S.C. § 1448 allows for service of process

pursuant to state law if the process was initiated prior to removal.  See Schmude v.

Sheahan, 214 F.R.D. 487, 490 (N.D. Ill. 2003); Listle v. Milwaukee County, 926 F.

Supp. 826, 827 (E.D. Wisc. 1996); Continental Illinois Nat'l Bank & Trust Co. v. Protos

Shipping, Inc., 472 F. Supp. 979, 982 (N.D. Ill. 1979); accord Reed v. City of Cleveland, 2006 WL 3861082 *8 (N.D. Ohio 2006); but see Beecher v. Wallace, 381 F.2d 372, 373 (9th Cir. 1967).  Lazy Days shall file its answer and defenses to Plaintiffs' complaint within 10 days.

**DONE AND ORDERED** at Tampa, Florida, on July 20, 2007.


    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


COPIES FURNISHED TO:
Counsel of Record