## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

NINA FAYE IRWIN, individually and as
Personal Representative of the Estate of
John James Irwin, IV, deceased,

    Plaintiff,

v.                                                                                              CASE NO: 8:07-cv-149-T-26-MSS

GOODYEAR TIRE & RUBBER, INC.,
MONACO COACH CORPORATION,
and LAZY DAYS R.V. CENTER,

    Defendants.
_____/

## **O R D E R**

Before the Court is Monaco Coach Corporation's Motion for Summary Judgment and Statement of Undisputed Facts (Dkts. 73 & 74), Plaintiff's Memorandum in Opposition (Dkt. 80), Lazy Days R.V. Center's Motion for Summary Judgment (Dkt. 75), Joinder in Motion by Goodyear Tire & Rubber, Inc. (Dkt. 77), Plaintiff's Memorandum in Opposition (Dkt. 81), and Plaintiff's Statement of Undisputed Facts. (Dkt. 82). After careful consideration of the motions, the applicable law and the entire file, the Court concludes that the motions should be denied.

### **Pertinent Facts**

The following facts are set forth in the light most favorable to the non-moving party, Plaintiff. In July 2002, Plaintiff's husband purchased a 2002 Class A Beaver Santiam motor home manufactured by Monaco Corp. (Monaco) and sold by Lazy Days

R.V. Center (Lazy Days). The motor home came from the manufacturer equipped with Goodyear tires, model G159 275/70R22.5 (G159), which was listed as a "metro service" tire.[1] Plaintiff alleges that both Monaco and Lazy Days were aware of a recall of the G159 tire in October 1999 by Fleetwood, another manufacturer of motor homes. The recall resulted from reports of tire belt and tread separations. Plaintiff's husband was killed in the single vehicle crash of his motor home on November 11, 2004. According to Plaintiff's expert Dennis Carlson, he died as a direct result of tire separation.

## Motions for Summary Judgment

Both Monaco and Lazy Days request summary judgment based on the inadmissibility of Carlson's expert opinions. Defendants argue that Plaintiff cannot prove her case absent his opinion. This Court denied without prejudice Defendants' motion to exclude the opinions, report and testimony of Carlson. (Dkt. 79). Having found that the consideration of the admissibility is best left for the time of trial, the Court continues to adhere to this decision. The parties should address the admission of Carlson's opinions, report, and testimony in their trial briefs.

## Lazy Days' Motion for Summary Judgment

Lazy Days asserts two additional grounds for summary judgment, which it argues does not hinge on expert opinion: (1) Plaintiff cannot prove that Lazy Days had knowledge of the alleged defects in the tires sufficient to form the basis of a failure to

---

[1] A "metro service" tire is used for start and stop delivery service performed typically by trucks like UPS.

warn claim; and (2) Lazy Days does not owe Plaintiff a duty of care in negligence because Plaintiff's husband was outside the foreseeable zone of risk.  As to knowledge of the defect and the failure to warn, Plaintiff relies on the evidence in the record that Lazy Days attended meetings related to the G159 tire and the mechanic produced by Lazy Days had no personal knowledge of any defects.  While Lazy Days takes the position that the meetings involved only tires that were "out of round," Plaintiff argues otherwise.  Lazy Days argues that its employee's testimony is unequivocal that the company had no knowledge of the tire defect; however, Plaintiff contends that he had no knowledge at all with regard to this issue.

Lazy Days further argues that the accident, which happened in Mexico after the motor home had found its way to Plaintiff's husband, was simply a remote possibility and therefore not within the general zone of risk.[2]  Even if it were foreseeable that a purchaser may resell to someone like Plaintiff's husband, Lazy Days argues that the number of intermediate individuals who possessed this motor home and the number of miles logged on this motor vehicle were unforeseeable.  Plaintiff contends it is quite foreseeable that the motor vehicle would land in Plaintiff's husband's possession.

---

[2]  Lazy Days relies on Smith v. Florida Power & Light Co., 857 So.2d 224, 229 (Fla.Dist.Ct.App. 2003) and Land Title of Cent. Fla., LLC v. Jimenez, 946 So.2d 90, 93 (Fla.Dist.Ct.App. 2006).

The Court finds that this particular case is unsuitable for resolution on summary judgment. With respect to Lazy Days' assertions, on balance, and with the Daubert[3] issues with regard to Plaintiff's expert, the Court finds that genuine issues of material fact exist to warrant denial of summary judgment.

It is **ORDERED AND ADJUDGED** as follows:

(1) Monaco Coach Corporation's Motion for Summary Judgment (Dkt. 74) is **DENIED.**

(2) Lazy Days R.V. Center's Motion for Summary Judgment (Dkt. 75) is **DENIED**.

(3) Goodyear Tire & Rubber, Inc.'s Motion for Summary Judgment (Dkt. 77) is **DENIED**.

(4) This case shall proceed to trial.

**DONE AND ORDERED** at Tampa, Florida, on September 17, 2008.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[3] Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).